1

2

3

4

5

6

7

8                                    IN THE UNITED STATES DISTRICT COURT

9                                FOR THE EASTERN DISTRICT OF CALIFORNIA

10    ROBERT GONZALES,

11              Plaintiff,                              No. CIV S-04-1064 FCD CMK P

12         vs.

13    S. PALAGUMMI,

14              Defendant.                    ORDER

15    _____/

16              Currently before the court are the following motions.  Plaintiff's April 11, 2005

17    motion for an extension of time to effect discovery.  Plaintiff's April 11, 2005 motion to strike

18    Section III of defendant's motion to dismiss, which pertains to plaintiff's state law negligence

19    claim, and defendant's motion for a protective order regarding discovery.

20              The court has not issued any discovery order in this case.  Plaintiff appears to have

21    filed his April 11, 2005 motion to extend time to file and serve discovery in response to

22    plaintiff's motion to dismiss his complaint for failure to exhaust administrative remedies.

23    Defendant opposes plaintiff's request for an extension on the grounds that discovery is

24    inappropriate at this juncture as all salient facts are not before the court.    The exhaustion

25    requirement does not impose a pleading requirement on the prisoner, but instead creates a

26    defense that must be raised and proved by defendant.  There is no need for plaintiff to conduct

      any discovery to respond to defendant's motion as he bears no burden to refute the claims that he

1    failed to exhaust.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1117 n.9 & 1119 n.13 (9th Cir.2003).

2    Accordingly, plaintiff's motion for an extension of time to effect discovery is denied.

3          In his April 11, 2005 motion to strike part III of defendant's motion to dismiss,

4    plaintiff states that his complaint does not set forth any state law claims and that he is proceeding

5    exclusively on federal claims under 42 U.S.C. § 1983.  On the condition that plaintiff is

6    proceeding solely on federal claims, defendant does not oppose plaintiff's motion to strike.

7    Accordingly it is granted.

8          Finally, on April 18, 2005, defendant filed a motion to stay discovery on the

9    grounds that discovery is inappropriate at this time in light of the pending motion to dismiss

10    plaintiff's complaint for failure to exhaust.  On April 25, 2005, plaintiff filed a response

11    opposing defendant's motion and defendant filed a reply to plaintiff's response on April 27,

12    2005.  Plaintiff asserts that it is necessary for him to undertake discovery to respond to the

13    pending motion to dismiss.  However, as noted above, defendant bears the burden of showing

14    that plaintiff has failed to exhaust his administrative remedies.  Further, except for the request for

15    production of documents propounded to defendant on April 20, 2005, the discovery requested by

16    plaintiff has no bearing on his exhaustion of his administrative remedies.   Defendant is directed

17    to respond to plaintiff's April 20, 2005 discovery request.  All other discovery in this case is

18    stayed pending the court's ruling on defendant's motion to dismiss.

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

IT IS ORDERED that:

1. Plaintiff's April 11, 2005 motion for an extension of time is denied;

2. Plaintiff's April 11, 2005 motion to strike Section III of defendant's motion to dismiss is granted;

3. Defendant is ordered to respond to plaintiff's April 20, 2005 discovery request and;

4. Plaintiff's motion for a protective order staying discovery is granted; discovery is stayed pending the court's ruling on defendant's motion to dismiss, at which time, if appropriate, the court will issue a discovery order.

DATED:   May 9, 2005


/s/   **CRAIG M. KELLISON**
Craig M. Kellison
UNITED STATES MAGISTRATE JUDGE