IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT GONZALES

    Plaintiff,                    No. CIV S-04-1064 FCD CMK PS

    vs.

S. PALAGUMMI

    Defendants.

_____/        FINDINGS AND RECOMMENDATIONS

        Plaintiff, a state prisoner proceeding pro se, brings this 42 U.S.C. § 1983 civil rights action alleging that defendants violated his Eighth Amendment rights. Currently before the court is a motion to dismiss filed by defendants S. Palagummi and G. Malet.[1] The case is before the undersigned pursuant to Local Rule 302(c) for findings and recommendations.

**I.    Background**

        Plaintiff is an inmate incarcerated in the California Department of Corrections ("CDC"). During all times relevant to this action, plaintiff was incarcerated at Deuel Vocational

---

[1] Defense counsel notes that he is not responding on behalf of defendant Dr. Noonan as Dr. Noonan has not been served with summons and complaint, no longer works within the California Department of Corrections and no contact information is available to him. The court also notes that, although Jeanne Woodford was served with a copy of the complaint, Ms. Woodford is not mentioned in Plaintiff's complaint and is not a party to this action.

Institution ("DVI"). Plaintiff claims that defendants failed to provide him with adequate medical treatment for a pre-existing back injury in violation of the Eighth Amendment. Plaintiff's claim against defendants Noonan and Malet stems from their alleged failure to provide him with adequate medical care. His claim against defendant Palagummi stems from defendant Palagummi's alleged failure to properly supervise defendants Noonan and Malet. Plaintiff alleges that he suffers much discomfort and chronic back pain.

## II.  Discussion

Defendants argue that plaintiff's action should be dismissed for failure to satisfy the exhaustion requirement because plaintiff failed to file any administrative appeals alleging that he was denied adequate medical care at DVI prior to filing this suit.[2] Plaintiff counters that he is "not required to exhaust administrative remedies under California law before bringing a § 1983 action in which he [seeks] monetary damages..." (Pl.'s Compl. at 2, ¶ 4.)

As an initial matter, the court addresses plaintiff's April 11, 2005 motion for judgment. Plaintiff seeks a default judgment against defendants on the grounds that they failed to file a timely response to plaintiff's motion to dismiss. Defendants have appeared in this case by virtue of their motion to dismiss. Accordingly, the undersigned recommends that plaintiff's motion for a default judgment be denied.

By the Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

---

[2] Part III of defendants' motion to dismiss addressed plaintiff's failure to exhaust his state administrative remedies. On April 11, 2005, plaintiff filed a motion to strike this portion of defendants' motion on the grounds that he is proceeding solely under federal law and had no state law claims against defendants. On this basis, the defendants filed a statement of non-opposition to plaintiff's motion to strike Part III of their motion, and on May 10, 2005, the court filed an order which granted plaintiff's motion to strike Part III of defendants' motion.

The exhaustion of prison administrative procedures is mandated "regardless of the relief offered through [such] procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). Even if a prisoner is seeking only money damages, he must complete the prison administrative appeals process. Id. at 740. The United States Supreme Court has cautioned that it "will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Id. at 741 n.6 (2001). The Court has also ruled that the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

In California, the state regulations that govern grievance procedures in state jails and prisons provide that inmates "may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). An administrative appeal may progress from an informal review through three formal levels of review. See Cal. Code Regs. tit. 15, § 3084.5. A decision at the third formal level, which is also referred to as the director's level, is not appealable and concludes a prisoner's departmental administrative remedy. Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). Departmental appeals coordinators may summarily deny a prisoner's untimely administrative appeal. Cal. Code Regs. tit. 15, §§ 3084.3(c)(6) and 3084.6(c). To comply with the PLRA exhaustion requirement, a state prisoner in California must file an inmate appeal on each claim concerning prison conditions or events and must proceed to the highest level of administrative review available to him before he seeks judicial relief, regardless of the relief desired by the prisoner.[3]

---

[3] State prisoners in California may no longer rely on the holding of Rumbles v. Hill, 182 F.3d 1064, 1069 (9th Cir. 1999), that "[e]xhaustion of administrative remedies under section 1997e(a) is not required if a prisoner's section 1983 claim seeks only monetary damages and if the correctional facility's administrative grievance process does not allow for such an award." Booth, 532 U.S. at 740.

3

The Ninth Circuit has held that the PLRA exhaustion requirement is not jurisdictional. Wyatt v. Terhune, 315 F.3d 1108, 1117 n.9 & 1119 n.13 (9th Cir. Jan. 2, 2003) (citing Rumbles v. Hill, 182 F.3d 1064, 1067-68 (9th Cir. 1999)), petition for cert. filed, (U.S. Apr. 1, 2003) (No. 02-1486). The Ninth Circuit and six other circuit courts have ruled that the exhaustion requirement does not impose a pleading requirement on the prisoner but creates a defense that must be raised and proved by the defendants. See Wyatt, 315 F.3d at 1117-19 (citing cases of the Second, Third, Seventh, Eighth, and D.C. Circuits); see also Casanova v. Dubois, 304 F.3d 75, 77-78 (1st Cir. 2002). But see Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998) (per curiam) (requiring a prisoner to plead exhaustion and provide a copy, if available, of the administrative decision disposing of the prisoner's claims); Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).

In the instant action, defendants have met their burden of showing that plaintiff has failed to met the PLRA's exhaustion requirement. Plaintiff, relying on Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999) states in his complaint that he has not filed an administrative grievance because he is not required to as he is seeking monetary damages. (Pl.'s Compl. at 1[4] (section II(c) & 2.) As noted above, Rumbles is no longer good law in light of Booth, in which the Supreme Court held that even if an inmate sought only money damages, he still had to complete the prison grievance process. Booth, 532 U.S. at 740. Additionally, defendants have provided evidence that plaintiff did not file any administrative grievances concerning his medical treatment at DVI. (Def.'s Mot. to Dismiss, Ex. A.) Accordingly, the undersigned recommends that plaintiff's complaint be dismissed without prejudice for failure to exhaust.

**III.   Conclusion**

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's April 11, 2005 motion for judgment be denied;

---

[4] Page 1 of plaintiff's complaint consists of pages 3, 4 & 5 of this District's form complaint for a prisoner § 1983 claim.

1    2.     Defendants' March 25, 2005 motion to dismiss be granted and;

2    3.     Plaintiff's complaint be dismissed without prejudice for failure to
exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 10, 2005.

/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE