1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT GONZALES,

11           Plaintiff,                 No. CIV S-04-1064 FCD CMK P

12        vs.

13   S. PALAGUMMI,

14           Defendant.              AMENDED ORDER

15   _____/

16          On May 10, 2005, the court filed an order ruling on several motions recently filed

17   in this action.  It comes to the court's attention that the court mistakenly ordered that "Plaintiff's

18   motion for a protective order staying discovery is granted" when it should have ordered that

19   "Defendants' motion for a protective order staying discovery is granted."  To avoid any

20   confusion, the court issues the following amended order:

21          Currently before the court are the following motions.  Plaintiff's April 11, 2005

22   motion for an extension of time to effect discovery.  Plaintiff's April 11, 2005 motion to strike

23   Section III of defendants' motion to dismiss, which pertains to plaintiff's state law negligence

24   claim, and Defendants' motion for a protective order regarding discovery.

25          The court has not issued any discovery order in this case.  Plaintiff appears to have

26   filed his April 11, 2005 motion to extend time to file and serve discovery in response to

     plaintiff's motion to dismiss his complaint for failure to exhaust administrative remedies.

1   Defendants oppose plaintiff's request for an extension on the grounds that discovery is

2   inappropriate at this juncture as all salient facts are before the court.    The exhaustion

3   requirement does not impose a pleading requirement on the prisoner, but instead creates a

4   defense that must be raised and proved by defendants.  There is no need for plaintiff to conduct

5   any discovery to respond to defendants' motion as he bears no burden to refute their claims that

6   he failed to exhaust.  Wyatt v. Terhune, 315 F.3d 1108, 1117 n.9 & 1119 n.13 (9th Cir.2003).

7   Accordingly, plaintiff's motion for an extension of time to effect discovery is denied.

8           In his April 11, 2005 motion to strike part III of defendants' motion to dismiss,

9   plaintiff states that his complaint does not set forth any state law claims and that he is proceeding

10  exclusively on federal claims under 42 U.S.C. § 1983.  On the condition that plaintiff is

11  proceeding solely on federal claims, defendants do not oppose plaintiff's motion to strike.

12  Accordingly it is granted.

13          Finally, on April 18, 2005, defendants filed a motion to stay discovery on the

14  grounds that discovery is inappropriate at this time in light of the pending motion to dismiss

15  plaintiff's complaint for failure to exhaust.  On April 25, 2005, plaintiff filed a response

16  opposing defendants' motion and defendants filed a reply to plaintiff's response on April 27,

17  2005.  Plaintiff asserts that it is necessary for him to undertake discovery to respond to the

18  pending motion to dismiss.  However, as noted above, defendants bear the burden of showing

19  that plaintiff has failed to exhaust his administrative remedies.  Further, except for the request for

20  production of documents propounded to defendants on April 20, 2005, the discovery requested

21  by plaintiff has no bearing on his exhaustion of his administrative remedies.   Defendants are

22  directed to respond to plaintiff's April 20, 2005 discovery request.  All other discovery in this

23  case is stayed pending the court's ruling on defendants' motion to dismiss.

24  ///

25  ///

26  ///

    ///

IT IS ORDERED that:

    1.  Plaintiff's April 11, 2005 motion for an extension of time is denied;

    2.  Plaintiff's April 11, 2005 motion to strike Section III of defendants' motion to dismiss is granted;

    3.  Defendants are ordered to respond to plaintiff's April 20, 2005 discovery request and;

    4.  Defendants' motion for a protective order staying discovery is granted; discovery is stayed pending the court's ruling on defendants' motion to dismiss, at which time, if appropriate, the court will issue a discovery order.

DATED:  May 11, 2005.


                                        CRAIG M. KELLISON
                                        UNITED STATES MAGISTRATE JUDGE