IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT GONZALES

    Plaintiff,                      No. CIV S-04-1064    FCD CMK P

    vs.

S. PALAGUMMI, M.D. et al.,

    Defendants.

_____/       <u>ORDER</u>

        Currently before the court is plaintiff's request for sanctions against defendants' attorney, Jonathan B. Paul.  (Doc. 49.)   Plaintiff's motion for sanctions stems from Mr. Paul's statement in defendants' Reply to Plaintiff's Opposition to Defendants' Motion for a Protective Order that "this court's order of January 19, 2005....does not even contain the word 'discovery.'" Plaintiff asserts that Mr. Paul's statement was deceptive and constituted perjury because the court's January 19, 2005 order directing service on defendants by the U.S. Marshal did contain the word "discovery."  Plaintiff additionally asserts in his motion that defendants' response to his complaint was untimely.

        In their response to plaintiff's motion for sanctions, defendants contend that plaintiff's conduct in filing a motion for sanctions was improper, and request that plaintiff be

sanctioned $266.00, the cost of defendants having to oppose plaintiff's motion. Defendants also ask the court to caution plaintiff about reporting defense counsel to the state bar.

      Plaintiff does not specify the rule under which he seeks sanctions. Therefore, the court construes plaintiff's motion to be a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure. Under Rule 11, a party may be sanctioned if he presents factual contentions to the court that are false. Fed. R. Civ. P. 11(c). Plaintiff has not shown that counsel for defendants violated the provisions of Rule 11. In responding to plaintiff's opposition to defendants' motion for a protective order staying discovery, defense counsel argued that the January 19, 2005 order directing service did not provide for plaintiff to undertake discovery. Although defense counsel was wrong in stating that the January 19, 2005 order did not contain the word "discovery," he was correct in his assertion that the order did not grant either party leave to conduct discovery. Defense counsel's statements were not fraudulent or made with the intention of misleading the court. Accordingly, the undersigned concludes that Rule 11 sanctions are not appropriate against defense counsel.

      Defendants contend that plaintiff's motion for sanctions was presented to the court for the improper purpose of harassing defense counsel. Plaintiff's motion was without merit, but the court cannot conclude that the motion for sanctions was motivated by an intent to harass defense counsel. Plaintiff, a pro se litigant, was responding to defense counsel's assertion that the January 19, 2005 order did not contain the word "discovery" and seeking a hyper-technical application of Rule 11. Accordingly, the undersigned declines to sanction plaintiff.

      Finally, the court considers defendants' requests that the court caution plaintiff against reporting defense counsel to the state bar and that the court take judicial notice of defendants' response to plaintiff's April 11, 2005 motion for judgment, which details why defendants' response in this action was timely. The undersigned declines to caution plaintiff about any communication with the state bar, however, plaintiff should not take this as an

///

endorsement of any action he may take.  The district court simply has no position.  The court takes judicial notice of defendants' opposition to plaintiff's April 19, 2005 motion for judgment.

IT IS ORDERED that:

1. Plaintiff's motion for sanctions against defense counsel Jonathan B. Paul (doc. 49) is denied;

2. Defendants' request for sanctions against plaintiff and to caution plaintiff about making reports to the California State Bar (doc. 54) is denied and;

3. The court takes judicial notice of defendants' April 19, 2005 Response to Motion for Judgment. (Doc. 42.)

DATED:  May 26, 2005.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE